UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN HUFFMAN and ELIZABETH HUFFMAN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DICK'S SPORTING GOODS, INC., )<br>)<br>Defendant. ) | 1:06-cv-0959-JDT-TAB |

**ENTRY ON MOTION TO DENY REMOVAL (Doc. No. 8)**[1]

The Plaintiffs, Glenn Huffman and Elizabeth Huffman (collectively "Huffmans"), filed a Motion to Deny Removal (Document No. 8) on June 23, 2006. They contend that this court lacks subject matter jurisdiction because, in their motion, they stipulate that their combined damages do not exceed $75,000 as required by 28 U.S.C. § 1332. The Defendant, Dick's Sporting Goods, Inc. ("Dick's"), filed its response on July 7, 2006. The time for filing a reply brief has passed. S.D. Ind. L.R. 7.1. The motion is ripe for review and the court rules as follows.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

## I.   BACKGROUND

The Huffmans are seeking to recover damages stemming from an injury to Mr. Huffman on April 20, 2005.  (Comp. ¶¶ I-1, I-4.)  While he was visiting the Dick's store in Greenwood, Indiana, a "knee board," a device similar in function to a water ski, fell from the wall and struck him in the head.  (*Id.*)  Mr. Huffman's claimed medical expenses for injuries to his head and neck and other injuries resulting from the blow total $17,902.10 so far.  (*Id.* ¶ I-4.)  Mr. Huffman is seeking damages to reimburse him for those bills and compensate him for pain and suffering, loss of enjoyment of life, lost time and wages, and all other damages.  (*Id.* ¶ I-5.)  Mrs. Huffman is seeking damages for loss of consortium, including services, society and companionship, of her husband.  (*Id.* ¶ II-3.)

The Huffmans filed their Complaint in the Superior Court of Johnson County, Indiana, on May 26, 2006.  (Compl.)  Dick's filed a Notice of Removal (Document No. 1) on June 19, 2006, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.  The company based its estimate of the amount in controversy on Mr. Huffman's demand for more than $75,000.  (Notice Removal ¶ 5.)  This demand, specifically for $80,000, was made in a letter of April 20, 2006, from Huffman's counsel to Dick's insurer.  (Notice Removal Ex. A.)

## II.   DISCUSSION

Removal allows a defendant to have an action filed in a state court transferred to the appropriate[2] federal court if the action originally could have been filed there. 28 U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As the party invoking the federal court's jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists. *Chase*, 110 F.3d at 427. Jurisdiction is determined as of the moment of removal, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992), although the court may consider any evidence that "sheds light on the situation which existed when the case was removed." *Harmon v. Oki Sys.*, 115 F.3d 477, 480 (7th Cir. 1997).

In this case, the issue concerns the amount in controversy. For a federal court to assert jurisdiction under the diversity statute, 28 U.S.C. § 1332, this amount must exceed $75,000 exclusive of interests and costs. Usually, this is determined by the amount of money that the plaintiff seeks in good faith on the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, in Indiana and other states that prohibit personal injury plaintiffs from listing a dollar figure in their claims for relief, *see* Ind. T.R. 8(A)(2), a defendant seeking removal must sometimes establish the amount in controversy by other means.

In *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006), the Seventh Circuit listed other means of establishing the amount in controversy,

---

[2] The court must be in the district and division embracing the place where the state action was pending. 28 U.S.C. § 1441(a).

such as pointing to relevant contentions or admissions, settlement demands, and other evidence.  "[O]nce these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold."  *Id.* at 541.

One method of establishing a legal certainty that the controversy's value is below the threshold is through a stipulation.  Litigants who want to avoid removal under diversity jurisdiction can file a binding stipulation limiting their recovery to less than the jurisdictional threshold.[3]  *In re Shell Oil Co.*, 970 F.2d at 356.  However, to be effective, the stipulation must be filed before the defendant has removed the case.  *Id.* (finding a post-removal stipulation to be inconsistent with the Supreme Court's holding in *St. Paul Mercury*, 303 U.S. at 296, that a post-removal amendment reducing the amount sought did not defeat jurisdiction).  In *Shell*, the Seventh Circuit specifically disproved a trial court's practice of allowing a plaintiff to defeat removal by offering a binding stipulation upon receiving notice of the removal.  *See id.* at 356-57.

This is the situation before this court.  In the absence of any specifics in the Huffmans' complaint, aside from medical bills, Dick's has cited Mr. Huffman's demand for $80,000 as evidence that the amount in controversy exceeds the required threshold.

---

[3] The Huffmans' stipulation is somewhat vague as to whether the Huffmans are binding themselves to a recovery of $75,000 or less in any subsequent state proceedings or whether the Huffmans are merely asserting their valuation of the claim.  The statement reads, "Come now Plaintiffs, by counsel, and stipulate that the claims for personal injuries sustained by Glenn Huffman and the derivative loss of consortium action of Elizabeth Huffman combined do not exceed $75,000.00 in damages."  (Mot. Deny Removal.)

To defeat removal, the Huffmans subsequently filed a motion containing a stipulation as to the amount of their damages.  This is the very procedure that the Seventh Circuit struck down as ineffective in *Shell*, and this court can not do otherwise.  The Huffmans have offered no other reason for denying removal.

### III.  CONCLUSION

For the reasons stated above, the Motion to Deny Removal (Document No. 8) is **DENIED**.

ALL OF WHICH IS ENTERED this 2nd day of August 2006.

_____
John Daniel Tinder, Judge
United States District Court


Copies to:

Magistrate Judge Tim A. Baker

Thomas A. Manges
Roby Hood & Manges
tmanges@roby-hood.com

Pfenne Peter Cantrell
Kightlinger & Gray
pcantrell@k-glaw.com

Steven Edward Springer
Kightlinger & Gray

sspringer@k-glaw.com